# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20375

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Sye Newton,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-816-1

———————————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Appellant Sye Newton of bank robbery and brandishing a firearm during a crime of violence following the 2019 armed robbery of a Houston, Texas bank. Newton appeals his conviction.[1] We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Once on appeal, Newton moved this appellate court to convene an evidentiary hearing to explore a supposed alibi that would undermine his conviction. We Deny this motion.

No. 22-20375

On March 25, 2019, a man, subsequently acknowledged to be Newton, dressed in a hijab and with a semiautomatic pistol in his hand, entered IBC Bank on South Kirkwood Drive in Houston, Texas. Newton ordered everyone to get down, demanded 50- and 100-dollar bills, and threatened to shoot bank tellers for noncompliance. He fled the bank with about $15,740.00 cash.

Following the robbery, a bank customer followed the getaway car and photographed its license plate. Two days later, police found this vehicle— registered to Newton's girlfriend—abandoned outside a private residence in Houston, impounded it, obtained a search warrant, and searched it. However, it was not until months later that police apprehended Newton and his girlfriend at a traffic stop in San Antonio, which led to his arrest for the Houston robbery. While in jail, Newton agreed to a custodial interrogation relating to the Houston robbery. Police Mirandized and interviewed Newton, who admitted that he robbed the Houston IBC bank. Prior to trial, Newton moved to suppress evidence found in his girlfriend's car and the statement made to the police while in jail. The district court largely denied Newton's motions but did exclude certain pre-mirandized statements made by Newton. Newton went to trial and was convicted by the jury.

Now on appeal, Newton argues that the district court erred in failing to suppress evidence from the automobile search because the search warrant was insufficient. Newton, however, lacks standing to challenge the search of his girlfriend's car because he had no possessory interest in the car. *United States v. Hernandez*, 647 F.3d 216, 219 (5th Cir. 2011). Furthermore, the car was abandoned, confirming that Newton lacked the reasonable expectation of privacy necessary to challenge its search. *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973) (en banc).

No. 22-20375

Second, Newton argues that police coercion rendered his confession involuntary. Newton alleges that his confession was coerced because police (1) indicated they would charge Newton's girlfriend if he did not confess, (2) misrepresented the strength of their case, (3) indicated they would keep Newton's case in state court where the penalties are less severe, and (4) took advantage of the situational conditions, i.e., recent arrest, lack of sleep for past 24 hours, interview in a small prison office room, and he had not yet been charged or arraigned.

When a defendant challenges the voluntariness of a statement, the Government bears the burden of proving voluntariness by a preponderance of the evidence. *United States v. Reynolds*, 367 F.3d 294, 297–98 (5th Cir. 2004) (per curiam). A statement is voluntary if, "under the totality of the circumstances, the statement is 'the product of the accused's free and rational choice.'" *Id.* at 298 (quoting *United States v. Garcia Abrego*, 141 F.3d 142, 170 (5th Cir. 1998)).

Here, the evidence shows that the police did not cross any of the forbidden lines that could lead to reversible coercion. Indeed, we have in other cases held that interrogators may even employ deceptive means while interrogating a criminal defendant so long as it does not "deprive[] the defendant of knowledge essential to his ability to understand the nature of his rights [or] consequences of abandoning them." *United States v. Bell*, 367 F.3d 452, 461 (5th Cir. 2004); *see also Self v. Collins*, 973 F.2d 1198, 1205 (5th Cir. 1992). None of the police conduct in the instant case even approached the negative or deceptive tactics seen in cases in which we upheld the confession. Newton's lack of sleep does not by itself render his confession involuntary. *Reynolds*, 367 F.3d at 297-99. Nor did the officers threaten Newton or display their weapons. Moreover, the district court found that Newton was intelligent and had a clear understanding of the criminal justice system. Additionally, police interrogated Newton in an office—not a jail cell—while

3

No. 22-20375

Newton was free of any restraints. The circumstances indicate that the interview was not threatening and that Newton spoke willingly. In sum, the totality of the circumstances of the interview establishes the voluntariness of Newton's confession. *United States v. Broussard*, 80 F.3d 1025, 1033 (5th Cir. 1996).

For the reasons given above, Newton's conviction is

AFFIRMED.